IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RAY ANTHONY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:16-cv-00029 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PITTSYLVANIA COUNTY | ) | By: Hon. Jackson L. Kiser |
| SCHOOLS and | ) | Senior United States District Judge |
| WANDA E. VAUGHN, | ) | |
| | ) | |
| Defendants. | ) | |

On June 16, 2016, Plaintiff Ray Anthony Wright ("Plaintiff") filed the present action against Pittsylvania County Schools and Wanda E. Vaughn ("Defendants") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Plaintiff alleges that he was denied employment based on a prior criminal charge, his race, and his "huge frame." (Compl. ¶¶ 9B-9C, June 16, 2016 [ECF No. 3].) Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Mot. to Dismiss, Aug. 15, 2016 [ECF No. 16].) They base their motion on their claim that Plaintiff failed to exhaust his administrative remedies with the Equal Employment Opportunities Commission ("EEOC") before filing the present action. (Defs.' Br. in Supp. of Mot. to Dismiss 1, Aug. 15, 2016 [ECF No. 17] [hereinafter "Defs.' Br."].) The matter was fully briefed, and the parties appeared before me on September 22, 2016. Having considered the briefs and the arguments of the parties, the matter is now ripe for disposition. For the reasons stated below, Defendants' Motion for Summary Judgment will be granted in part and denied in part.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On or around August 7, 2015, Plaintiff submitted an application for employment with Pittsylvania County Schools ("PCS") for a substitute bus driver position, which required completing a Criminal History Record Name Search Request Form. (Answer ¶ 9F, July 7, 2016 [ECF No. 5].) On or around September 28, 2015, Plaintiff was given a conditional offer of employment subject to his completion of a criminal background check. (Defs.' Br. 1–2.) When PCS received a copy of Plaintiff's Virginia Criminal Record, it listed Plaintiff as having been charged with felony rape and acquitted by a jury on January 10, 2007. (Id. at 2.) Upon receiving this information, Vaughn wrote Plaintiff on October 15, 2015, asking Plaintiff to submit a written statement "explaining the charge and disposition." (Id.) Plaintiff refused. (Id.; Compl. ¶ 9E.) Plaintiff contacted a Pittsylvania County School Board Member about the issue who advised Plaintiff to comply with Vaughn's request. (Compl ¶ 9E.) Plaintiff again refused and was not hired as a result. (Defs.' Br. 2.)

On January 7, 2016, Plaintiff filed a Charge of Discrimination with the EEOC through the Virginia Division of Human Rights (the "EEOC Charge"). (Answer Attach. A.) On the EEOC Charge, Plaintiff claimed that he was "discriminated against and denied hire because [he] was charged with a felony." (Id.) Under the section of the form titled "Discrimination Based On," Plaintiff checked the box labeled "Other." (Id.) He did not check the boxes labeled "Race," "Color," or "Disability." (Id.) The Charge does not mention or allude to Plaintiff's race or size. He only claimed that he was not hired on the basis of having a previous felony charge.[1] On

---

[1] EEOC claimants are asked to describe "the particulars" of their alleged discrimination. In response, Plaintiff wrote:
> I. I was hired by [PCS] around September 15, 2015, as a Bus Driver.
> Around August 21, 2015, I submitted my application that included a

- 2 -

March 24, 2016, the EEOC issued Plaintiff a Dismissal and Notice of Rights, which stated that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (EEOC Dismissal and Notice of Rights, Mar. 24, 2016 [ECF No. 3–1].)

On June 16, 2016, Plaintiff filed the present action, *pro se*. Defendants have filed a 12(b)(1) Motion to Dismiss, arguing that Plaintiff failed to exhaust his administrative remedies with the EEOC. Plaintiff filed a response on August 29, 2016, (Opp. to Mot. to Dismiss, Aug. 29, 2016 [ECF No. 24] [hereinafter "Pl.'s Br."]), and the parties argued Defendants' Motion on September 22, 2016.

## II. STANDARD OF REVIEW

As a preliminary matter, *pro se* complaints must be construed liberally, imposing "less stringent standards than the formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

When a challenge to subject matter jurisdiction is raised under Rule 12(b)(1), "the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence

---

background and finger print check for the Bus Driver position. Around September 15, 2015, I started training for the Bus Driver position. Around October 13, 2015, I was contacted by the Secretary for the Assistant of the Superintendent about my background check. The background check revealed that I was charged with a felony. Although I was charged with a felony, I was found not guilty of the charge. The Assistant Secretary for Administration told me that I needed to provide a written letter describing the nature of the crime I was charged with. I refused to do so. To date, I have not started working as a Bus Driver with the company.
[. . .]
III. I believe that I was discriminated against and denied hire because I was charged with a felony in violation of [Title VII].

(Answer Attach. 1.)

- 3 -

outside the pleadings without converting the proceeding to one for summary judgment." Id. "The court must grant the motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Little v. Stock Bldg. Supply, LLC, Case No. 4:10-cv-129, 2011 WL 5146179, at *3 (E.D.N.C. Sept. 2, 2011) (quoting Richmond, 945 F.2d at 768).

## III. DISCUSSION

Before a plaintiff can bring an employment discrimination suit, a Charge of Discrimination must be filed with the EEOC. 42 U.S.C. § 2000e-5(b), 2000e-5(f)(1). Filing a charge "frames the scope of future litigation." Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005). The charging party must provide "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). If the plaintiff fails to file a Charge of Discrimination before filing a lawsuit, the federal courts lack subject matter jurisdiction over claims not originally brought before the EEOC. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). An EEOC Charge of Discrimination form asks the claimant to check boxes labeled as, *inter alia*, "Race," "Sex," or "Retaliation" to indicate the type of unlawful discrimination that is alleged to have occurred. (See Answer Attach. A.)

The purpose of the exhaustion requirement is to "notif[y] the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions." Chacko, 429 F.3d at 510 (internal citations omitted). "The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and

conciliation." Id.; see also Sydnor v. Fairfax County, 681 F.3d 591, 593 (4th Cir. 2012) (stating that the exhaustion requirement is in place to "prevent . . . gamesmanship").

On the other hand, the exhaustion requirement "should not become a tripwire for hapless plaintiffs." Sydnor, 591 F.3d at 594. Courts should "not erect insurmountable barriers to litigation out of purely technical concerns." Id. The Fourth Circuit has found exhaustion where a plaintiff's claim is "reasonably related" to the EEOC charge and "can be expected to follow from a reasonable administrative investigation." Id. (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (internal quotation marks omitted)). This exception does not apply, however, to situations where a claimant has failed to include a type of discrimination alleged on the EEOC Charge. The "time frames, actors, and discriminatory conduct" alleged in the complaint must match the EEOC Charge. Clanton v. City of Virginia Beach, No. 2:14-cv-649, 2015 WL 1538198, at *6 (E.D. Va. April 3, 2015).

The present case differs from Clanton. In Clanton, the plaintiff complained to her employer regarding sexual harassment against her. 2015 WL 1538198, at *2. Soon after, the plaintiff filed a charge of discrimination with the EEOC, claiming that her employer had failed to keep her informed of the results of its investigation into her claims. Id. at *2–3. Eventually, the plaintiff filed a Title VII lawsuit, alleging that her employer's lackluster response to her claims contributed to her sexual harassment Id. at *3. The defendant moved to dismiss, arguing that the claims in her complaint differed from the allegations in the EEOC Charge, and, as a result, the plaintiff had not exhausted her administrative remedies. Id. The court ruled, however, that the plaintiff's complaint arose out of the same "time frames, actors, and discriminatory conduct" alleged in the EEOC Charge, putting the employer on sufficient notice. 2015 WL 1538198 at *6.

Here, Plaintiff is alleging two entirely new categories of discriminatory conduct. Plaintiff's Complaint alleges racial discrimination and discrimination based on his "huge frame." (Compl. ¶ 9C.) In his EEOC Charge, Plaintiff did not check the "Race" or "Disability" boxes, indicating to the EEOC and Defendants that he was not alleging discrimination based on race or ability. (Answer Attach. A.) Instead, Plaintiff only checked the "Other" box, writing that he was "discriminated against and denied hire because [he] was charged with a felony in violation of [Title VII]." (Id.) In Jones, the plaintiff checked the "retaliation" box but did not check the boxes for "age," "sex," or "race." 551 F.3d at 301. When Jones tried to assert claims based on race, age, and sex discrimination, the court held that the plaintiff had not exhausted her administrative remedies and dismissed the case. Id. Plaintiff's race or size are never mentioned in the EEOC Charge. As such, he has failed to exhaust his administrative remedies, and this Court lacks subject matter jurisdiction over his claims of discrimination based on race and size.[2]

Plaintiff has however, exhausted his administrative remedies with regard to his allegations of discrimination based on a prior felony charge. In his Complaint, Plaintiff states that "Wanda E. Vaughn denied [Plaintiff] employment based upon a felony charge in 2006. I was found by a jury trial, not guilty [sic]." (Compl. ¶ 9B.) Because Plaintiff alleged this same incident of discrimination in both his complaint and the EEOC Charge, Plaintiff has met the exhaustion requirement, and this Court has subject matter jurisdiction over this claim. Whether this states an actionable claim under Title VII is not before the Court, and I do not decide that issue here. I only decide the jurisdictional issue.

---

[2] Even if the race discrimination claim is barred, one could argue that having a "huge frame" is not a disability, which would explain why Plaintiff did not check the "disability" box. Discrimination based on a "huge frame" could plausibly be included in the "other" category. During oral arguments, Defendant argued that his claims could be lumped together in the "other" category. The EEOC Charge, however, asks the charging party to "specify" their claim when checking the "other" box. (See Answer Attach A.) As mentioned above, there is no discussion of Plaintiff's body type or race anywhere in the EEOC Charge.

## IV. CONCLUSION

Plaintiff has failed to exhaust his administrative remedies related to his claims of discrimination based on his race and size. Plaintiff has, however, met the exhaustion requirement with regard to the discrimination claim based upon his previous felony charge, and this Court has subject matter jurisdiction over that claim. I will grant Defendants' Motion as to Plaintiff's race and size discrimination claims and deny Defendants' Motion regarding the claim related to the prior felony charge.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 4th day of October, 2016.

        s/Jackson L. Kiser
        SENIOR UNITED STATES DISTRICT JUDGE