IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RAY ANTHONY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:16-cv-00029 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PITTSYLVANIA COUNTY | ) | By: Hon. Jackson L. Kiser |
| SCHOOLS and | ) | Senior United States District Judge |
| WANDA E. VAUGHAN, | ) | |
| | ) | |
| Defendants. | ) | |

On June 16, 2016, Plaintiff Ray Anthony Wright filed the present action against Pittsylvania County Schools and Wanda E. Vaughn under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Plaintiff alleged that he was denied employment based on a prior criminal charge, his race, and his "huge frame." (Compl. ¶¶ 9B–9C, June 16, 2016 [ECF No. 3].) Defendants' Motion for Summary Judgment is now before the Court. (Mot. for Summ. J., Nov. 17, 2016 [ECF No. 30].) The matter was fully briefed, and the parties appeared before me on December 6, 2016. For the reasons stated below, I will grant Defendants' Motion for Summary Judgment.

I.    **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

On or around August 7, 2015, Plaintiff submitted an application for employment with PCS for a substitute bus driver position, which required completing a Criminal History Record Name Search Request Form. (Answer ¶ 9F, July 7, 2016 [ECF No. 5].) On or around September 28, 2015, Plaintiff was given a conditional offer of employment subject to his completion of a criminal background check. (Compl. ¶ 9B.) When PCS received a copy of Plaintiff's Virginia

- 1 -

Criminal Record, it listed Plaintiff as having been charged with rape in 2006 though he was later acquitted. (*Id.* at ¶ 9C.) Upon receiving this information, Vaughn wrote Plaintiff on October 15, 2015, asking Plaintiff to "submit a written statement explaining the charge and disposition." (Pl.'s Resp. Ex. A, at 1 [ECF No. 35–2].)   After meeting with Vaughn, Plaintiff refused to provide additional information and was not hired as a result. (Answer ¶ 9C; Pl.s Resp. Ex. A, at 3 (showing a notation stating, "will not be hired failed to comply–no further action").)

Plaintiff filed a Charge of Discrimination with the EEOC through the Virginia Division of Human Rights ("the EEOC Charge"), and was issued a Dismissal and Notice of Rights on March 24, 2016. (Compl. Attach. 1 [ECF No. 3–1].) On June 16, 2016, Raymond Anthony Wright ("Plaintiff") filed this action under Title VII against Defendants Pittsylvania County Schools ("PCS") and Wanda A. Vaughn, Assistant Superintendent for Administration. Plaintiff alleged that he was denied employment based on his race, his "huge frame," and the fact that he had previously been charged with and acquitted of rape. (Compl. ¶¶ 9B–9C, June 6, 2016 [ECF No. 3].) Defendants filed a 12(b)(1) Motion to Dismiss, arguing that Plaintiff failed to exhaust his administrative remedies with the EEOC. (Mot. to Dismiss, Aug. 15, 2016 [ECF No. 16].) On October 4th, this Court issued an Order and Memorandum Opinion granting-in-part and denying-in-part Defendants' Motion. (Order, Oct. 4, 2016 [ECF No. 27].) The Court found that Plaintiff had failed to exhaust his administrative remedies with regard to his claims of racial discrimination and discrimination based on his size. (Mem. Op. 7, Oct. 4, 2016 [ECF No. 26].)

The Court held, however, that Plaintiff had properly exhausted his administrative remedies with regard to his claim of discrimination based on his criminal history. (*Id.*) Defendants have now filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c). (Mot. for Summ. J., Nov. 17, 2016 [ECF No. 30].) Plaintiff has filed a response, (Pl.'s Resp. to

Mot. for Summ. J., Dec. 1, 2016 [ECF No. 35] (hereinafter "Pl.'s Resp.")), and Defendants filed their Reply on December 2, 2016. (Reply Br. in Supp. of Mot. for Summ. J., December 2, 2016 [ECF No. 36].)

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the facts, and the inferences to be drawn from them, in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the non-moving party is entitled to a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The court must not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

The moving party has the initial burden of pointing out to the court the deficiency in the non-movants' case that would make it impossible for a reasonable fact-finder to return a verdict in the non-movants' favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A moving party may show that they are entitled to judgment as a matter of law by demonstrating that the plaintiff would not be able to prove an essential element of his case. *Id.* at 322–23. It is then up to the non-movant to demonstrate to the court that there are genuine issues of material fact, and that he has made a sufficient showing on each of the essential elements of his case. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008); *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Accordingly, summary judgment is appropriate when the moving party demonstrates a lack of evidence to support an essential element of his or her claim. *See Blair v. Collonas Shipyards Inc.*, 52 F. Supp. 2d 687, 692 (E.D.V.A. 1999), *aff'd* 203 F.3d 819 (4th Cir. 2000).

- 3 -

## III.    **DISCUSSION**

Title VII bars an employer from "fail[ing] or refus[ing] to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1). In order to make a prima facie showing of discrimination under Title VII, Plaintiff must establish: (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected despite his qualifications; and (4) after his rejection, the position remained open and the employer continued to seek similarly qualified applicants.[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Plaintiff alleged that he was denied employment with PCS due to having previously been arrested for rape in 2007, though he was found not guilty. Title VII only protects against discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1). Title VII does not bar employers from denying to hire someone based on their arrest record, except, as discussed below, in cases where the hiring policies have a disparate impact on those of a particular "race, color, religion, sex, or national origin." *Id.* Simply put, individuals with arrest records are not a protected class under Title VII.

It is also not entirely accurate to say that Defendants' decision not to hire Plaintiff was solely based on his criminal record. Vaughn simply requested that Plaintiff explain, his own words, the charge and disposition. If Plaintiff's arrest had been a total bar to being hired, it seems unlikely that Vaughn would have bothered to ask for more information. One copy of Vaughn's letter, produced by Plaintiff, notes that Plaintiff "will not be hired" because he "failed to

---

[1] It is uncontested that Plaintiff applied and met the minimum qualifications for employment as a substitute bus driver, satisfying the second and third elements of his cause of action. It is unclear whether the position remained opened after Defendants decided not to hire Plaintiff. Therefore, the present action hinges primarily on whether Plaintiff is a member of a protected class or can sufficiently establish a case for disparate impact.

- 4 -

comply." Regardless of whether he was not hired because of his record or failure to submit an explanation to Vaughn, the discrimination alleged by Plaintiff is simply not covered by Title VII.

Plaintiff has also alleged a disparate impact claim in his briefs and at oral arguments. Title VII bars any employment practice which causes a disparate impact based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(k)(1)(A). In order for an employment practice to be deemed unlawful based on disparate impact, a plaintiff must show that "[an employer] uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and the respondent fails to demonstrate that the challenged practice is job related for the position in question and consistent with business necessity." 42 U.S.C. § 2000e-2(k)(1)(A)(i).

A plaintiff "may not raise new claims after discovery has begun without amending his complaint." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 617 (4th Cir. 2009). Plaintiff is attempting to bring a disparate impact claim, but has not alleged this claim in his Complaint. For example, in stating why he believes he was not hired, Plaintiff says, "I think that my race, my huge frame and the fact that it was a rape charge created biased prejudice towards my person." (Compl. at ¶ 9C). Even under the lenient pleading standards afforded to *pro se* plaintiffs, it is clear that Plaintiff was alleging direct discrimination rather than challenging discriminatory policies. *See Erickson v. Pardus*, 551 U.S. 89, 94 (holding that *pro se* pleadings are held to "less stringent standards than the formal pleadings drafted by lawyers.") A complaint needs to give the parties sufficient notice as to the type of claim being alleged. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 ("[T]he allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct.").

- 5 -

In his Complaint, Plaintiff does not take issue with the background check policy generally or its larger impact on the hiring of certain groups. He only disputes how it was applied to him.

Even assuming that Plaintiff had properly alleged a disparate impact claim in his Complaint, his claim nevertheless fails because he is alleging a theory of race discrimination when this Court has already dismissed Plaintiff's race discrimination claims after he failed to raise them before the EEOC:

> Plaintiff did not check the "Race" or "Disability" boxes, indicating to the EEOC and Defendants that he was not alleging discrimination based on race or ability. . . . Instead, Plaintiff only checked the "Other" box, writing that he was "discriminated against and denied hired because he was charged with a felony in violation of [Title VII]."

(Mem. Op. 6, Oct. 4, 2016 [ECF No. 26] (citations omitted).) My previous ruling applies to any alternate theories of race discrimination that Plaintiff is now attempting to raise.

## IV.    **CONCLUSION**

It is clear that no reasonable juror could find that Defendants violated Title VII when they acted not to hire Plaintiff. Title VII simply does not provide a cause of action for the type of discrimination that Plaintiff is alleging, and Plaintiff has also failed to allege his claim of disparate impact before the EEOC or in his Complaint. He may not now raise this claim for the first time. I will grant Defendants' Motion for Summary Judgment.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record and Plaintiff.

Entered this 22nd day of December, 2016.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

- 6 -